BOLÍVAR PAGÁN ET AL, ETC., Petitioner, *v*. DISTRICT COURT OF HUMACAO, Respondent.

No. 1084. Argued November 23, 1936.—Decided December 17, 1936.

*Celestino Iriarte, F. Fernández Cuyar, H. González Blanes* and *Miguel A. Burset* for petitioners.

Mr. Justice Travieso delivered the opinion of the Court.

Francisca Pabón de Rodríguez and 136 other petitioners filed petitions with the Insular Board of Elections to be registered as qualified voters of the municipality of Patillas. The said petitioners were challenged for not having legal residence and the Insular Board of Elections, after making the investigation required by law, held the registration of the said petitioners valid and placed their names on the provisional lists of voters. The parties who had signed the applications for exclusion appealed from the decision of the Board in each case to the Municipal Court of Patillas, which, after a hearing at which the voters did not appear, ordered their exclusion. Feeling aggrieved by the decision of the municipal court, each of the voters filed a petition for certiorari in the District Court of Guayama, to review and vacate the order of the municipal court. It is not now pertinent to discuss the merits of the said petitions for certiorari, which are still pending decision by the district court.

In view of the fact that the District Court of Guayama took no action whatever to consider and decide the petitions for certiorari filed by the 137 voters, they resorted, on September 24, 1936, to the District Court of Humacao praying for an injunction to make the jurisdiction of the said court effective and to order the Insular Board of Elections to refrain from eliminating the names of the petitioners from the electoral lists and, in case they had already been eliminated, to proceed to restore them on the lists, pending a final decision on the rights of the litigants. The District Court of Humacao, after hearing the Insular Board of Elections,

708

granted the petition and issued an injunction in conformity with the prayer of the petition.

For the purpose of reviewing and vacating the injunction issued by the District Court of Humacao, the petitioners in this case have presented to this court the petition for which we must now consider and decide.

██ The petition for certiorari in this case was filed in this court on November 2, when it was absolutely impossible to issue and serve the writ requested and even more impossible for this court to render a decision before the hour set for the elections which, according to law, were to be held on November 3, 1936.

There is no showing as to whether the 137 voters involved in this case voted in the said elections, or, in case they did vote, whether they were challenged in accordance with the law. But for the purposes of this decision we shall assume that the said voters voted and that the parties interested in denying them the right to vote challenged them in due course.

Under these circumstances the petition for certiorari, the sole object of which is to review and vacate the injunction by virtue of which the said voters were permitted to take part in the election, becomes clearly academic, since the act authorized by the injunction has been performed, and none of the parties to the case would be affected by the decision which we might render in this case on its merits.

██ It is not possible to consider within this petition for certiorari whether or not the 137 voters are qualified to appear as such voters on the electoral lists of the municipality of Patillas. Neither the petition before us nor the return of the district court contains sufficient information for this court to pass upon the rights of the petitioners. Moreover, since the individual petitions for certiorari filed by each one of the 137 voters are pending in the District Court of Guayama, we must give the said court ample

opportunity to consider and decide the petitions on their merits.

For the reasons stated, and considering that the review requested is purely academic, the petition for certiorari must be denied.

Mr. Chief Justice Del Toro took no part in the decision of this case.